Archie Overton; and
S. Patrick Mendel
1319 Washington Ave, #163
San Leandro, CA 94577
Carpartners1@gmail.com
Ph. 415-496-9595



FILED

APR 11 2018

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

CV 18 2166

EMC

|  |  |
|---|---|
| ARCHIE OVERTON, <br> S. PATRICK MENDEL, <br><br> Plaintiffs <br><br> v. <br><br> UBER TECHNOLOGIES, INC., <br> RAISER-CA, LLC <br> UBER USA, LLC <br><br> Defendants. | ) CASE NO. <br> ) <br> ) **COMPLAINT FOR** <br> ) **DECLARATORY, INJUNCTIVE** <br> ) **RELIEF and DAMAGES 49 USC** <br> ) **§§14704, 14707, FRCP, Rule 65** <br> ) <br> ) <br> ) |

| |
|---|
| **Hearing Date:** TBD |
| **Time:** TBD |
| **Dept.** Courtroom TBD |
| **Judge:** TBD |

Plaintiffs Archie Overton, and S. Patrick Mendel, bring this civil action for

declaratory and injunctive relief and damages and alleges as follows:

COMPLAINT FOR DECLARATORY, INJUNCTIVE RELIEF and

DAMAGES 49 USC §§14704, 14707, FRCP, Rule 65 - 1

1. Plaintiff Archie Overton is an individual, conducting business from 1986 Washington Ave, San Leandro, CA, as a PreArranged Transportation Charter Party Carrier pursuant to authority granted by the California Public Utilities Commission, TCP Number 33942.

2. Plaintiff S. Patrick Mendel is an individual, conducting business from 1986 Washington Ave, San Leandro, CA, as a PreArranged Transportation Charter Party Carrier pursuant to authority granted by the California Public Utilities Commission, TCP Number 33942.

3. Plaintiffs Overton and Mendel operate their business under a Doing Business As ("DBA") name, "Car Partners," a properly registered (fictitious business name) in the County of Alameda, California.

4. Defendant Uber Technologies, Inc. is a Delaware corporation with its principal offices at 1455 Market Street, 4th Floor, San Francisco, CA.

5. Defendants Raiser-CA, Uber USA (and Uber Logistek), LLC's are subsidiaries, declared "mere instrumentalities" of Uber, by the

COMPLAINT FOR DECLARATORY, INJUNCTIVE RELIEF and DAMAGES 49 USC §§14704, 14707, FRCP, Rule 65 - 2

California Public Utilities Commission Decision issued March 19, 2018.

## STATEMENT OF THE CLAIM

### Federal Claims

6. Interstate motor carrier transportation is regulated under Title 49, Subtitle IV, Part B of the U. S. Code.  Under 49 U.S.C. §13501, the Secretary of Transportation has authority over interstate motor carrier transportation of persons and property.

7. Under 49 U.S.C. §113(f) the FMCSA [Federal Motor Carrier safety Administration] carries out the powers and duties of the Secretary related to the regulation of interstate and foreign motor carrier operations.

8. Section 13901 of Title 49 of the United States Code provides that a motor carrier may not operate over the public highways in interstate or foreign commerce unless the motor carrier is granted and maintains operating authority registration from the FMCSA. Similarly 49 C. F. R. §390.201 prohibits a motor vehicle that

COMPLAINT FOR DECLARATORY, INJUNCTIVE RELIEF and DAMAGES 49 USC §§14704, 14707, FRCP, Rule 65 - 3

provides transportation requiring operating authority registration from operating without the required authority.

9. Pursuant to 49 U.S.C. §14901 any person that does not comply with 49 U. S. C. §13901 (Requirement to Register) is subject to a fine of $25,000.00 for each violation related to providing interstate transportation for passengers.

10. Section 13902 of Title 49 of the United States Code provides that a person may be registered as a motor carrier if that person is able and willing to comply with the Federal motor carrier statutes and accompanying regulations and certain minimum financial responsibility requirements established under 49 U. S. C. §13906. Such motor carriers must also meet the safety fitness requirements under 49 U.S.C. §31144, unless exempt.

11. Defendant Uber operates as a for-hire motor carrier as described in 49 U. S. C. §13902. Accordingly, Defendant Uber is subject to the requirements of Federal motor carrier statutes, including 49 U. S. C. §§ 13901 and 13902 and accompanying regulations.

12. Defendant Uber has never secured operating authority from the FMCSA.

COMPLAINT FOR DECLARATORY, INJUNCTIVE RELIEF and DAMAGES 49 USC §§14704, 14707, FRCP, Rule 65 - 4

13. Accordingly, Defendant Uber does not currently have operating authority registration to conduct for-hire transportation in interstate or foreign commerce.

14. Defendant Uber has been unlawfully operating within and beyond the State of California as a provider of PreArranged Motor Carrier of passengers in "interstate commerce" since at least June 2014.

15. Defendant Uber has advertised and provided Uber Passport, a service providing transportation from San Diego California, into the Country of Mexico, transportation known as "foreign commerce" since approximately 2015, without having been issued the requisite operating authority from the Federal Motor Carrier Safety Administration of the United States Department of Transportation.

16. This is a civil action pursuant to 49 U.S.C. § 14707(a) whereby Overton and Mendel are persons claiming injury by the failure of Uber and its subsidiaries, officers, directors and others acting with them, for failing to register, as transportation service providers and operating in clear violation of 49 U.S.C. §§ 13901- 13902 (Motor Carrier Registration)

COMPLAINT FOR DECLARATORY, INJUNCTIVE RELIEF and DAMAGES 49 USC §§14704, 14707, FRCP, Rule 65 - 5

17.  This is a civil action pursuant to 49 U.S.C. § 14707(a) whereby Overton and Mendel are persons injured by the failure of Uber and its subsidiaries, officers, directors and others acting with them, for failing to register as transportation service providers under 49 U.S.C. § 13904 (Motor Carrier Registration as a Broker of Passenger Transportation)

18.  Pursuant to 49 U.S.C. §14707(a) Overton and Mendel may bring a civil action to enforce any such section and trial is in the judicial district in which the person who violated that section operates.

19.  This is a civil action pursuant to 49 U.S.C. §14704(a)(2) whereby Overton and Mendel claim that Uber, its subsidiaries, officers, directors and others acting in concert with them are providing unauthorized transportation in interstate commerce without federal authority and are subject to jurisdiction under Chapter 135, Title 49 of the United States Code and are liable for damages sustained by Overton and Mendel seeking claims as a result of an act or omission of that carrier or broker in violation of this part.

20.  Overton and Mendel, pursuant to 49 U.S.C. §14704(a)(2) claim a loss of their property and a diminution of their business because of

COMPLAINT FOR DECLARATORY, INJUNCTIVE RELIEF and DAMAGES 49 USC §§14704, 14707, FRCP, Rule 65 - 6

the unlawful operation of Uber as a prearranged transportation provider in "interstate commerce" in violation of the federal transportation laws and regulations.

21. Pursuant to 49 U.S.C. §13901 a person may not provide PreArranged Motor Carrier transportation of passengers in interstate commerce unless the person is registered with the Federal Motor Carrier Safety Administration of the U.S. Department of Transportation to provide the transportation or service.

22. Pursuant to 49 U.S.C. § 14704(a)(2), a person providing service as a Prearranged Motor Carrier of passengers in interstate commerce, a service which is subject to jurisdiction under Chapter 135, of Subtitle 49 of the U.S. Code is liable for damages sustained by Overton and Mendel as a result of the carrier's act or omission in violation of Part B, of Subtitle 49 of the U. S. Code.

23. Defendant Uber flooded the market with unlawful competition decimating the volume of business available for licensed operators Plaintiffs Overton and Mendel.

COMPLAINT FOR DECLARATORY, INJUNCTIVE RELIEF and DAMAGES 49 USC §§14704, 14707, FRCP, Rule 65 - 7

24. As a result of the Defendant Uber's unauthorized PreArranged Motor Carrier transportation of passengers Plaintiffs Overton and Mendel have suffered actual harm in lost potential revenue in excess of $37,000 dollars.

25. As a result of the Uber Defendants unauthorized PreArranged Motor Carrier transportation of passengers Defendants Uber have been unjustly enriched, causing actual harm to Overton and Mendel by unlawfully taking services fees to which they were not lawfully entitled, from their fares in excess of $82,000 dollars.

26. The FMCSA can fine motor carriers of passengers in interstate commerce $25,000.00 per violation, 49 U.S.C. §14901 for operating without authority, including potential imprisonment under, 49 U. S. C. §521(6)(a) for up to 1 year.


**State Law Claims**

27. Since at least October 19, 2010, Uber has been operating without California operating authority as a prearranged transportation provider when it was issued its first California Public Utilities

COMPLAINT FOR DECLARATORY, INJUNCTIVE RELIEF and DAMAGES 49 USC §§14704, 14707, FRCP, Rule 65 - 8

Commission, "cease and desist," Order when it called itself UberTaxi.

28. Defendant Uber has, since at least 2010, offered customers the ability to secure prearranged transportation via its mobile phone application in California and throughout the United States.

29. Defendant Uber has never secured authority, licenses or permits from the California Public Utilities Commission to legally offer such transportation services, whether TCP or TNC, in the State of California.

30. The CPUC licensing fees are in part based upon each authorized carrier's gross revenue, Uber as the principal transportation provider has not paid these fees at a rate of .033 percent, exposing Plaintiffs to regulatory fees and fines for Uber's failure to comply with California transportation law.

31. Plaintiffs have had their CPUC licensed suspended, on April 6, 2018, because the Licensing (Auditing) Section of the CPUC claims that Uber is not a licensed transportation provider and seeks to impose Uber's unpaid fees/taxes upon Overton and Mendel for Uber's failures to comply with the law.

COMPLAINT FOR DECLARATORY, INJUNCTIVE RELIEF and DAMAGES 49 USC §§14704, 14707, FRCP, Rule 65 - 9

32. The CPUC by letter dated April 6, 2018 suspended Plaintiffs operating authority for failure to pay fees assessed on their gross fares, and further warned Plaintiffs they would be subject to a $1000.00 dollar fine and imprisonment of up to 3 months or both if we continued to operate while suspended.

33. On March 19, 2018 the California Public Utilities Commission issued a proposed Decision, AGENDA #16364 and within that decision are findings of fact and conclusions of law that Uber improperly used [shill] subsidiaries (Raiser-CA, Uber USA) to avoid regulations, liabilities and taxes and has never had competent California authority to operate as any type, TNC or TCP transportation provider.

34. Despite the findings of fact and conclusions of law by the California Public Utilities Commission, its licensing/auditing section still suspended Overton and Mendel's operating authority damaging their business as they cannot legally operate their business while suspended.

COMPLAINT FOR DECLARATORY, INJUNCTIVE RELIEF and DAMAGES 49 USC §§14704, 14707, FRCP, Rule 65 - 10

35. Significantly the CPUC did not suspend Uber from operating and propose giving Uber 30 days to comply with CPUC codes and regulations.

## RELATED or Intertwined CLAIMS

36. Defendant Uber, rather than its subsidiaries billed the riders, and collected the Plaintiff's fares.

37. Defendant Uber rather than its subsidiaries Raiser-Ca LLC., and Uber USA, LLC., unlawfully took service fees from Plaintiffs fares.

38. Plaintiffs have never been able to contact, call or email, any person from Raiser-CA, LLC.

39. Plaintiffs have only ever been able to contact employees of Uber at Uber's drivers' offices, and even after asking, at the drivers offices, the Uber employees have informed Plaintiff Mendel that Uber employees at the driver hub offices handles all driver relations.

40. The California Public Utilities Commission has declared Raiser-CA, LLC., and Uber USA, LLC., a mere instrumentalities of Uber Technologies, the parent, piercing the corporate veil.

COMPLAINT FOR DECLARATORY, INJUNCTIVE RELIEF and DAMAGES 49 USC §§14704, 14707, FRCP, Rule 65 - 11

41. Defendant Uber, rather than its subsidiaries paid the remainder of the fares, after extracting unlawful services fees, to Plaintiffs.

42. Defendant Uber promoted and placed thousands of unlicensed drivers on the street severely diminishing the number of available riders for Plaintiffs to provide transportation.

43. Defendant Uber's contracts contain an unlawful embedded arbitration contract under the Federal Arbitration Act.

44. Overton and Mendel have performed interstate transportation on behalf of Uber for its riders and claim to have a "contract in commerce," and to be "workers engaged in interstate commerce."

45. Plaintiffs claim because they have a "contract of employment," and are "any other class of workers engaged in foreign and interstate commerce, they are exempt from arbitration and seek declaratory and injunctive relief to enforce their exempt status.

46. Defendant Uber's arbitration contract violates the public policy of the United States and is contrary to the plain language of the Federal Arbitration Act in that section 1 of the "Act" exempts "contracts of employment," of "workers engaged in interstate commerce" like Plaintiffs Overton and Mendel from arbitration.

COMPLAINT FOR DECLARATORY, INJUNCTIVE RELIEF and DAMAGES 49 USC §§14704, 14707, FRCP, Rule 65 - 12

47. Overton and Mendel seek a declaration from this Court that the Uber arbitration contract is illegal and void as violative of the public policy of the United States and violative of the plain language of section 1 of the Federal Arbitration Act.

48. All of the trips Plaintiffs performed for Uber leave Overton and Mendel exposed to California and Federal regulatory fees, fines and imprisonment, unless Uber is held to indemnify Plaintiffs.

49. Defendant Uber has repeatedly operated transportation of passengers "intrastate," "interstate" and "foreign" commerce in the face of regulators and regardless of the actions of regulatory authorities.

50. Unless enjoined from operating in BOTH intrastate and interstate and foreign commerce, Plaintiffs will continue to be damaged and Defendant will continue to operate contrary to law and without challenge.

51. It has been the practice and policy of the FMCSA and the Secretary of Transportation since Congress provided a "private cause of action" under 49 U. S. C. §§ 14704, [14707], to abstain from any administrative action preserving its limited resources and

COMPLAINT FOR DECLARATORY, INJUNCTIVE RELIEF and DAMAGES 49 USC §§14704, 14707, FRCP, Rule 65 - 13

leaving it up to private individuals, like Plaintiffs Overton and

Mendel to resolve the failure to register and secure FMCSA

operating authority, the way all other private disputes are handled,

in the district courts.

52.  The Solicitor General of the United States publically explained

the abstention of action of the respective federal agencies in a

"Federal Respondents" brief before the United States Supreme

Court.

53.  Accordingly, since the FMCSA and Secretary of Transportation

apparently use their discretion to abstain from involvement in what

they consider to be private causes of action, the misconduct as

alleged herein will go unchallenged unless Overton and Mendel

are granted their statutory right, and constitutional right to due

process to bring this action and secure a determination of their

claims.

54. There is diversity of citizenship between Plaintiffs and Defendant

Uber, the amount in dispute in this action exceeds $75,000 dollars,

therefore this Court has jurisdiction pursuant to 28 U.S.C.

§1332(a)(1).

COMPLAINT FOR DECLARATORY, INJUNCTIVE RELIEF and

DAMAGES 49 USC §§14704, 14707, FRCP, Rule 65 - 14

55. This action arises under Subtitle IV of Title 49 of the United States Code and therefore this Court has jurisdiction pursuant to 28 U.S.C. §1331.

56. This Court has jurisdiction pursuant to the Declaratory Judgement Act, 28 U. S. C. §2201 to issue declaratory relief.

57. This Court has concurrent jurisdiction over the State law claims.

58. Trial is to be in the judicial district in which the person who violated 49 U.S.C. §§13901-902 and 13904, took place pursuant to 49 U.S.C. §14707(a).

## FIRST CAUSE OF ACTION

### Injunctive Relief

59. The allegations of paragraphs 1 through 58 are incorporated by reference as though pleaded in full.

60. Unless Defendants are enjoined from rendering Prearranged Motor Carrier transportation of passengers in intrastate and interstate commerce until they have secured, BOTH a duly registered operating authority to render such passenger transportation service by the Federal Motor Carrier Safety

COMPLAINT FOR DECLARATORY, INJUNCTIVE RELIEF and DAMAGES 49 USC §§14704, 14707, FRCP, Rule 65 - 15

Administration of the U.S. Department of Transportation, AND

secured operating authority from the California Public Utilities

Commission, Plaintiffs will continue to sustain injury.


## SECOND CAUSE OF ACTION

### Unjust Enrichment

61.  The allegations of paragraphs 1through 58 are incorporated by

reference as though pleaded in full.

62.  As a result of the Defendants rendering Prearranged Motor

Carrier transportation of passengers in intrastate and interstate

commerce without having the requisite operating authority,

Plaintiffs have suffered actual damages in the wrongful taking of

services fees by Defendant Uber from the fares of the Plaintiffs in

excess of $82,000 dollars, and Defendant should be Ordered to

disgorge these unlawful takings and remit them to the Plaintiffs as

equitable relief, lest the Defendants be unjustly enriched for their

misconduct.


## THIRD CAUSE OF ACTION

COMPLAINT FOR DECLARATORY, INJUNCTIVE RELIEF and

DAMAGES 49 USC §§14704, 14707, FRCP, Rule 65 - 16

### Damages

63. The allegations of paragraphs 1through 58 are incorporated by reference as though pleaded in full.

64. As a result of the Defendants rendering Prearranged Motor Carrier transportation of passengers in intrastate and interstate commerce without having the requisite operating authority, Plaintiffs have suffered damages in the unlawful taking of fees from their fares, the suspension of their operating authority by the California Public Utilities Commission and the loss of potential revenue in excess of $37,000 dollars and Plaintiffs should be awarded damages for the losses Plaintiffs sustained.

## FOURTH CAUSE OF ACTION

### Indemnification

65. The allegations of paragraphs 1through 58 are incorporated by reference as though pleaded in full.

66. As a result of the Defendants rendering Prearranged Motor Carrier transportation of passengers in intrastate and interstate commerce without having the requisite operating authority, Plaintiffs, as

COMPLAINT FOR DECLARATORY, INJUNCTIVE RELIEF and DAMAGES 49 USC §§14704, 14707, FRCP, Rule 65 - 17

properly CPUC licensed drivers of the transportation, are exposed

to "transportation taxes, regulatory fines, imprisonment and other

enforcement actions," of State and Federal authorities because of

the Defendants misconduct and seek an Order requiring the

Defendants to indemnify the Plaintiffs from any such State or

Federal adverse regulatory action while performing transportation

of passengers for Uber, as to all trips performed through the Uber

smartphone application.

## FIFTH CAUSE OF ACTION

### Unfair Competition

67.  The allegations of paragraphs 1 through 58 are incorporated by

reference as though pleaded in full.

68.  Defendant Uber's conduct as set forth above violates the

California Unfair Competition law, California Business &

Professions Code §17200 et seq. ("UCL")

69.  Defendants conduct of operating passenger transportation

intrastate and interstate in violation of California and Federal laws

and regulation constitutes unlawful business acts or practices in

COMPLAINT FOR DECLARATORY, INJUNCTIVE RELIEF and

DAMAGES 49 USC §§14704, 14707, FRCP, Rule 65 - 18

that Uber has never had authority to operate as a transportation

provider under California or Federal law.

70.  As a result of Defendant Uber's unlawful conduct, Plaintiffs

Overton and Mendel has suffered injury in fact and lost money,

property and the suspension of their business.

71.  Pursuant to California Business & Professions Code§17203

Plaintiffs seek declaratory and injunctive relief for Defendants

unlawful conduct and to recover restitution of the unlawful taking

of service fees and the severe diminution and suspension of their

business by the California Public Utilities Commission, in excess

of $37,000.00 dollars.

## SIXTH CAUSE OF ACTION

### Declaratory Relief

72.  The allegations of paragraphs 1through 58 are incorporated by

reference as though pleaded in full.

73.  Plaintiffs seek an Order from this Court declaring the contracts as

between Plaintiffs and its subsidiaries as illegal since either the

COMPLAINT FOR DECLARATORY, INJUNCTIVE RELIEF and

DAMAGES 49 USC §§14704, 14707, FRCP, Rule 65 - 19

subsidiary Raiser-CA was declared a mere instrumentality by the California Public Utilities Commission, or the other entities, Uber Logistek and Uber USA, who Plaintiffs were contracted with have never been licensed or granted competent authority to operate a transportation of passenger business by California or the Federal Motor Carrier Safety Administration of the U. S. Department of Transportation.

74.   Plaintiffs also seek a declaration that the arbitration contracts embedded in the contracts with Uber or its subsidiaries, Raiser-Ca, Uber USA, Uber Logistek, are illegal and void as violative of the public policy of the United States and violative of the plain language in that, *contracts in employment* of *workers engaged in interstate or foreign commerce* are exempt from arbitration under section 1 of the Federal Arbitration Act.

**WHEREFORE,** Plaintiffs respectfully request that this Court grant the following relief;

A.  Assume jurisdiction over this action.

B. Declare the contracts between Plaintiffs and Uber illegal since Uber never secured legal authority to operate as a transportation

COMPLAINT FOR DECLARATORY, INJUNCTIVE RELIEF and DAMAGES 49 USC §§14704, 14707, FRCP, Rule 65 - 20

provider since at least September 19, 2013 through March 19, 2018, under California or Federal law, and its misuse of subsidiaries companies such as Raiser-CA and Uber USA, LLC, as found by the California Public Utilities Commission decision were improper and legally unsound.

C. Declare the Plaintiffs had "contracts of employment and are "any other class of workers engaged in foreign or interstate commerce," entitled to be exempt from any arbitration contract under section 1 of the Federal Arbitration Act.

D. Declare the embedded arbitration contracts, within the Uber/Driver contracts illegal as violative of the public policy of the United States and section 1 of the Federal Arbitration Act.

E.  Enter a preliminary and permanent injunction enjoining the Defendants from engaging in Prearranged Motor Carrier transportation of passengers in intrastate and interstate commerce anywhere in the United States and from providing Prearranged Transportation Charter Party transportation in California until they have secured the requisite operating authorities from BOTH the Federal Motor Carrier Safety administration of the U. S.

COMPLAINT FOR DECLARATORY, INJUNCTIVE RELIEF and DAMAGES 49 USC §§14704, 14707, FRCP, Rule 65 - 21

Department of Transportation AND the California Public Utilities Commission.

F. Order Defendants Uber to disgorge the service fees wrongly taken from Plaintiffs fares and award Plaintiffs according to proof under 49 U. S. C. §§ 14704, 14707, and California Business and Professions Code 17200 et seq.

G. Award Plaintiffs, due to Defendants "interference with the Plaintiffs prospective economic advantage, compensatory and punitive damages in accordance with 49 U. S. C. §§14704, 14707 et seq., and California Business and Professions Code 17200 et. seq.

H. Order the Defendants to indemnify Plaintiffs from any State or Federal Transportation regulatory Taxes, fines, or other adverse action while and when Plaintiffs performed transportation for Defendants Uber.

I. Award Plaintiffs costs and attorney's fees pursuant to 49 U.S.C. §§14704(e) and 14707(c), and California Business and Professions Code 17203

COMPLAINT FOR DECLARATORY, INJUNCTIVE RELIEF and DAMAGES 49 USC §§14704, 14707, FRCP, Rule 65 - 22

J.  Grant such other and further relief as this Court deems necessary

and proper.

Respectfully submitted;

DATED: April 10, 2018

_____

Archie Overton

_____

S. Patrick Mendel

COMPLAINT FOR DECLARATORY, INJUNCTIVE RELIEF and

DAMAGES 49 USC §§14704, 14707, FRCP, Rule 65 - 23