UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE OVERTON, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>    Defendants. | Case No. 18-cv-02166-EMC<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>Docket Nos. 24-25 |

Plaintiffs request leave to file a motion for reconsideration of this Court's order denying their motion for a temporary restraining order because of a "manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court." Local Civ. R. 7-9(b)(3). They make two principal arguments, discussed below.

First, Plaintiffs argue the Court erroneously imposed an "irreparable harm" requirement on their request for preliminary relief because the Federal Motor Carrier Act ("FMCA"), 49 U.S.C. §§ 13101, *et seq.*, contains no such requirement.[1] The FMCA provides that "[a] person may provide transportation as a motor carrier . . . or service as a broker for transportation . . . only if the person is registered under this chapter to provide such transportation or service." 49 U.S.C. § 13901(a). In relevant part, the FMCA provides that "[i]f a person provides transportation by motor vehicle or service in clear violation of [*inter alia*, the FMCA's registration provisions], a person injured by the transportation or service may bring a civil action to enforce any such section." 49 U.S.C. § 14707(a).

Plaintiffs are correct that, under § 14707(a), they would not be required to show

---

[1] For the purposes of this motion, the Court assumes without deciding that Uber is subject to the FMCA's jurisdiction, although that point is disputed by Uber. *See* 49 U.S.C. §§ 13501-13508.

"irreparable harm" *at the end of the case* to secure an order requiring Defendant's compliance with the FMCA's various registration provisions (provided that Plaintiffs satisfy all other requirements to obtain such relief[2]). However, at this stage of the case, Plaintiffs seek a temporary restraining order/preliminary injunction. Both forms of *interim* relief require a showing of "irreparable injury" or "irreparable harm." *See* Fed. R. Civ. P. 65(b)(1)(A) (a temporary restraining order requires the applicant "to clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition"); *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 21 (2008) ("A plaintiff seeking a preliminary injunction *must* establish . . . that he is likely to suffer irreparable harm in the absence of preliminary relief[.]" (emphasis added)). That is because "[t]he intended function of a preliminary injunction is to preserve the status quo pendent lite," or, in other words, to protect a party to litigation from irreparable harm that may occur before the lawsuit takes its course and reaches a final adjudication. *Mercury Motor Exp., Inc. v. Brinke*, 475 F.2d 1086, 1095 (5th Cir. 1973) (where plaintiffs alleged defendant unlawfully operated as freight forwarder without permit, district court properly denied preliminary injunction because plaintiffs failed to show irreparable injury and defendant had "been continuously providing transportation services of the same nature . . . and would suffer irreparable injury if required to terminate such operations"). Thus, just like in every other case, Plaintiffs must demonstrate "irreparable harm" to obtain a preliminary injunction under the applicable cause of action, here FMCA § 14707(a). In *Aspen Limousin Serv., Inc. v. Colorado Mauntain Exp., Inc.*, 891 F.Supp. 1450, 1455 (D. Colo. 1995) the district court rejected the argument that FMCA authorizes issuance of preliminary injunction "without proof of the normal criteria . . . under Federal Rule of Civil Procedure 65." Reconsideration is thus not warranted on this basis.

        Plaintiffs also argue that, in rejecting their "dilution of available fares" theory of

---

[2] A plaintiff seeking injunctive relief under the FMCA must still satisfy the requirements for Article III standing. *See Rivas v. Rail Delivery Serv., Inc.*, 423 F.3d 1079, 1083 (9th Cir. 2005) (affirming dismissal of request for injunctive relief under FMCA because defendant's violation of a statute, which did not cause harm to plaintiff, was insufficient to confer Article III standing).

irreparable harm, the Court erroneously focused on their state law claims without addressing the FMCA claim. The Court held:

> [E]ven if Plaintiffs' theory [of irreparable harm] is correct—that Uber is a TNC and TCP and thus must register and pay the requisite fees—it does not logically follow that an injunction shutting down Uber is the proper remedy. Uber could comply with the law simply by obtaining the requisite permits and paying the fees—precisely what the proposed CPUC decision recommends. That remedy would not address the 'dilution' problem posited by Plaintiffs. Plaintiffs do not show that if Uber is required to register and pay fees, it will simply abandon the market or reduce the number of rides. In light of this missing link in the causal chain, Plaintiffs cannot show that an injunction would actually redress the harm.

Docket No. 23 at 5. Although the Court did not refer explicitly to Plaintiffs' FMCA claim, the same rationale applies to it. An injunction under § 14707(a) would permit the Court to "enforce" the registration requirements, *e.g.*, require Uber to register. As with the state claim, Plaintiffs have not presented any evidence that Uber would abandon the market or reduce the number of rides arranged through its service if required to register under the FMCA or comply with its other provisions (*e.g.*, liability insurance requirements). Nor have they presented evidence that Uber is incapable of obtaining such registration.[3] Thus, even if a preliminary injunction is issued, Plaintiffs will continue to face competition from Uber. A preliminary injunction is unwarranted because it would not redress the alleged irreparable injury. This holding does not preclude Plaintiffs from obtaining an injunction requiring registration at the end of the case if they prevail on the merits.

For these reasons, the Court **DENIES** Plaintiffs' request for reconsideration. The Court urges Plaintiffs to consult the Northern District of California's Legal Help Center, which provides

---

[3] Plaintiffs state that their complaint was modeled on *LaHood v. Tierra Santa, Inc. et al.*, Case No. 2:10-cv-01659-SJO-JAW (C.D. Cal., filed Mar. 8, 2010). In that case, the government sought an injunction requiring the defendants to cease and desist from providing interstate transportation services because they had not obtained the requisite registration. A critical distinction between *LaHood* and this case, however, is that the defendants had in fact applied for operating authority, but the application was dismissed by the Federal Motor Carrier Safety Administration "because Defendants failed to provide information and documentation demonstrating they satisfied the requirements for registration and were able and willing to comply with applicable Federal statutes and regulations. Despite FMCSA's dismissal, Defendants nevertheless continue to conduct interstate and foreign motor carrier transportation operations without federal operating authority." *Id.*, Docket No. 1 ¶ 2. Plaintiffs have not alleged that Uber applied for and was denied operating authority, yet continues to operate anyway.

3

free information and limited assistance to pro se litigants. Plaintiffs may schedule an appointment in the San Francisco courthouse at 415-782-8982 or the Oakland courthouse at 415-782-8982 or may obtain more information at the Court's website: https://www.cand.uscourts.gov/legal-help. Plaintiffs may also wish to review the Court's pro se handbook, *Representing Yourself in Federal Court: A Handbook for Pro Se Litigants*, which explains the litigation process. *See* https://www.cand.uscourts.gov/prosehandbook.

This order disposes of Docket Nos. 24 and 25.

**IT IS SO ORDERED**.

Dated: April 26, 2018

_____
EDWARD M. CHEN
United States District Judge